

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | KEVIN J. FEE | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1049 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 214 0829 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* kjfee@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

## MEMO ENDORSED

October 5, 2020

**BY ECF**

Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Defendant's request for a stay of discovery pending decision on the motion to dismiss is denied. The parties are directed to submit a joint civil case discovery plan and scheduling order by October 14, 2020.
>
> It is SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 10/7/2020
> New York, New York

Re:   XIFIN, Inc. v. The Mount Sinai Hospital - Case No. 20-cv-02130-ER

Dear Judge Ramos:

    I write on behalf of Defendant the Mount Sinai Hospital pursuant to Rules 16(b) and 26(c) and §2 (A)(ii) of Your Honor's rules to request that the Court stay discovery pending its decision on Defendant's motion to dismiss the Complaint. That motion was fully briefed on June 16, 2020. On June 2, 2020, Plaintiff requested oral argument pursuant to § 2(D) of Your Honor's rules.

    Plaintiff recently requested that Defendant consent to a discovery schedule or seek a stay from the Court. Earlier this year, Your Honor articulated the standard for such a stay as follows:

> Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. Discovery, however, should not be automatically stayed simply on the basis that a motion to dismiss has been filed. The Court analyzes good cause by application of three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.

*New York by James v. Pennsylvania Higher Educ. Assistance Agency*, No. 19 Civ. 9155 (ER), 2020 WL 605944, at *1 (S.D.N.Y., Feb. 7, 2020) (citations and internal quotation marks omitted). Each of those factors warrant a stay of discovery here.



Honorable Edgardo Ramos
October 5, 2020
Page 2

**1.      Motion to Dismiss Has Substantial Merit**

The briefs submitted on the motion to dismiss demonstrate that Defendant's "arguments are not frivolous and constitute the 'strong showing' necessary to weigh in favor of stay." *Id.,* at *2.  All of the causes of action are based on provisions in a February 17, 2009 Laboratory Billing Agreement that were abolished by amendments adopted in 2012 and 2014.

First, Plaintiff erroneously claims that it is entitled to access to all of Defendant's books and records necessary to determine the payments made and to be made under the contract. Whereas "Attachment B" to the original contract entitled Plaintiff's assignor to inspect Defendant's books and records reasonably related and necessary to verify the payments made and required to be made under the contract, the 2012 amendment explicitly abolished that right by stating "This supersedes Attachment B hereto."  D.E. 1-1 at 23 of 24.

Second, Plaintiff claims a non-existent right to a percentage of the value of Defendant's December 26, 2018 settlement with Blue Cross and Blue Shield ("Blue Cross") of a long-running and complicated dispute over tens of millions of dollars in genomic claims.  Whereas the original contract entitled Plaintiff's assignor to a percentage of collections during "Wind-Down Period and thereafter" (D.E. 1-1 at 4 of 24) both amendments limit that compensation to "during the Wind-Down Period" and eliminated the reference to "and thereafter."  D.E. 1-1 at 24 of 24. The Complaint concedes that the Wind-Down Period ended on August 31, 2018. D.E. 1 ¶ 30. Therefore, Plaintiff has no right to compensation for amounts recovered after August 31, 2018.

**2.      Discovery Will Prejudice Defendant's Rights**

In *New York by James v. Pennsylvania Higher Educ Assistance Agency*, this Court found that a "level of burden, though not atypical of cases such as this one, also counsel in favor of a stay." 2020 WL 605944, at *2.  Here, the burden of discovery on Defendant and a non-party counsels in favor of a stay.  Plaintiff seeks discovery of virtually anything and everything related to a 2009 contract and will required extensive discovery of a third-party payer of Defendant regarding the merits of a dispute that non-party already resolved with Defendant.

The discovery Plaintiff intends to take is exceedingly wide in scope and unfathomably deep in detail.  Plaintiff seeks discovery "necessary to determine the payments made and to be made under the Billing Agreement [since 2009], including, but not limited to, [Defendant]'s books and records regarding the resolution of its dispute with Blue Cross." D.E. 1 at 20 (Prayer for Relief (a)); D.E. 13 at 24.

Plaintiff admits that it will pursue nine years of records to look for any proof that it is entitled to additional compensation.  Proceeding with that discovery before a decision on the motion to dismiss will be particularly inequitable to Defendant because Plaintiff admits it will use the discovery process to obtain the ultimate relief it seeks through its defective claim under an



Honorable Edgardo Ramos
October 5, 2020
Page 3

abolished contract provision.  As Plaintiff stated in its June 2, 2020 brief:

> [Defendant]'s bluster about books and records is much ado about nothing. . . . The breach likely will be cured through discovery, which will provide [Plaintiff] with access to those same records for the same reasons the inspection right was included in the Billing Agreement.

D.E. 13 at 14.  Unless the Court issues a stay of discovery, Plaintiff intends to obtain all that it seeks under a groundless claim before this Court considers Defendant's motion to dismiss.

Plaintiff's other baseless claim seeks to re-open complex disputes between Defendant and a third party that Defendant and that third party chose to settle to avoid the expense and uncertainty of litigation.  The Complaint argues that Defendant could have received more from Blue Cross if it had actually litigated whether Blue Cross denied individual genomic claims "for erroneous reasons" such as lack of "medical necessity," "untimely," "duplicative" and "for reasons inconsistent with Blue Cross's own policies and procedures." D.E. 1 ¶¶ 44-45.  Besides burdening Defendant with discovery as to those complex issues regarding thousands of individual claims, discovery will also burden a non-party -- who already settled those claims with Defendant -- with extensive discovery obligations.  The Court should not permit Plaintiff to impose that burden on Defendant and a non-party before a decision on the pending motion to dismiss which we believe will moot any such discovery.

**3.      Plaintiff Will Not Be Prejudiced This Early in the Litigation**

This stay would only be for a period of several months as the Court considers the pending motion to dismiss.  In contrast, Defendant will be greatly prejudiced if it is forced to incur the cost and disruption of engaging in discovery only to have the Court determine that the Complaint was without merit and should be dismissed.

Therefore, the Court should stay discovery until it decides Defendant's pending motion to dismiss given that: (1) Defendant has made a strong showing that Plaintiff's claim is unmeritorious; (2) the discovery Plaintiff will seek will be broad and burdensome to Defendant; and (3) the risk of unfair prejudice to Plaintiff is minimal or non-existent.

Respectfully submitted,

*Kevin J. Fee*

Kevin J. Fee

KJF:hs